FILED

Jan 13 10 22 AM '04

U.S. DIST. COURT
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN STANKO, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:01-CV-597(MRK) |
| | : | |
| v. | : | |
| | : | |
| SIMSBURY BOARD OF EDUCATION | : | |
| AND DR. JOSEPH TOWNSLEY, | : | |
|     Defendants. | : | JANUARY 12, 2003 |

### RENEWED MOTION FOR CONTINUANCE

In accordance with both the January 6, 2004 conference call that was held among the court, the plaintiff's attorney, and the undersigned counsel for the defendants, and the court's January 6, 2004 Endorsement Order Doc. #48, the Simsbury Board of Education and Dr. Joseph Townsley [collectively "the Board"], hereby respectfully renew their December 18, 2003 request for a continuance of the February 3, 2004 trial date in the above-captioned matter. In support of this motion, the Board states as follows:

1.    On October 10, 2003, the Connecticut Superior Court for the Judicial District of Danbury assigned a date certain of January 27, 2004 for jury selection in the matter of Kathleen M. Dunn v. Foley's Pump Service, et al., Docket No. CV-01-0342235 S.

2.    On October 27, 2003, this court held a status conference in the present matter with

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

the parties' respective counsel. During that October 27, 2003 conference, the Board's counsel informed the court that he had jury selection on January 27, 2004 in the Connecticut Superior Court, which discussion the plaintiff's attorney also recalls.

3. At the close of the October 27, 2003 status conference, the court gave the parties a January 9, 2004 date for filing the Joint Trial Memorandum and a January 21, 2004 date for the trial conference. The court did not, however, give the parties a date certain for jury selection, and the parties reasonably assumed that in light of counsel's state-court trial commitment, jury selection would be scheduled in late February at the earliest.

4. On December 4, 2003, having not as yet received a definite jury selection date in the present case, and concerned that evidence in <u>Dunn</u> could start later in February than immediately after the January 27, 2004 Connecticut Superior Court voir dire, the Board spoke with Chambers about requesting a continuance of the present matter in order to avoid a potential eleventh-hour trial conflict. Although Chambers obviously cannot bind the court, and noted that the Board would have to file a formal motion, it did not anticipate that the continuance would be an issue. The Board's counsel subsequently spoke with the plaintiff's attorney, who represented that he did not object to the continuance. In fact, given that the parties were seeking to revisit the possibility of settlement, he suggested that the Board concurrently seek the continuance of the Joint Trial Memorandum filing date and the Trial Conference so as to avoid further expenditure of legal fees and costs.

2

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

5.      On December 18, 2003, the Board submitted its Motion for Continuance, and on January 6, 2004, the court convened a conference call with respect thereto. During that January 6 teleconference, the plaintiff's attorney and the Board's counsel were informed for the first time that jury selection had been scheduled for February 3, 2004. The court then denied the Board's motion without prejudice to renewal and directed the Board to seek a continuance of the Dunn matter from the Connecticut Superior Court.

6.      That same day, January 6, 2004, the Board's counsel spoke with the Connecticut Superior Court in Danbury, which confirmed that January 27, 2004 was still a firm date for jury selection. The court added that Dunn was an old case -- having been filed on April 2, 2001 and claimed for the trial list on May 28, 2002 -- and that there were a limited number of cases set down for jury selection on January 27, 2004; consequently, evidence would begin during the first week of February. The Dunn trial will certainly continue into and likely through the second week of February.

7.      While this court directed the undersigned in his role as the Board's counsel to move for a continuance in the superior court, the undersigned could only file such a motion in his role as counsel for the state-court defendants. The undersigned counsel's clients in Dunn, however, want their case resolved as expeditiously as possible and have not consented to a continuance. Therefore, further pursuing this court's directive with respect to the state-court continuance will place counsel in conflict with his state-court clients' desire to resolve their case

3

as promptly as possible. Given that the undersigned's state-court clients are not parties to the present action or to any other matter that would bring them within the district court's jurisdiction, the dichotomy between this court's directive and counsel's state-court client's interests places counsel in a conundrum. Thus, the Board hereby renews its December 18, 2003 Motion for Continuance.

8. This dilemma is heightened by the fact that the plaintiff's attorney in <u>Dunn</u> represented that he would not consent to the continuance. As a consequence thereof, the superior court stated that it would likely schedule a hearing thereon. Given the undersigned's professional obligation to his clients, such a development would place counsel in an even more untenable position. Another concern is the fact that a hearing would compel the plaintiff in <u>Dunn</u> to incur otherwise unnecessary legal fees, and thereby expose counsel's clients to the possibility of having such fees charged back to them should that plaintiff prevail on one of her claims entitling her to attorney fees and costs.

9. In contrast to the superior court matter, both the plaintiff and the defendants in the present case agree to the continuance of the trial herein.

10. During the January 6, 2004 conference call on the Board's December 18, 2003 Motion for Continuance, the court noted that the undersigned was responsible for this situation, which is true to the extent that it is counsel who has the trial conflict. Counsel respectfully notes, however, and the plaintiff's attorney concurs, that the Board apprised the court of the January 27,

4

2004 Connecticut Superior Court trial at the October 27, 2003 status conference in this matter. The Board having provided notice to the court of the January 27, 2004 jury selection exactly three months prior thereto, it was reasonable for both parties to assume that they would not be assigned a jury selection date one week subsequent thereto, February 3, 2004, when counsel would be on trial in the superior court, particularly as they did not receive notice of the February 3 jury selection until January 6, 2004.

11.    The undersigned is the only trial counsel that has handled the Dunn matter. Furthermore, as noted in the Board's December 18, 2003 Motion for Continuance, Mark J. Sommaruga, who previously handled the present case for the Board, starts evidence during the week of January 26, 2004 in the Connecticut Superior Court for the Judicial District of New Haven in Rhonda Shulman v. Greater New Haven Transit District, et al., CV-00-0438706-S, a trial that is scheduled to last between two and three weeks.

12.    This is the Board's second request for a continuance of the trial in this matter, the initial, December 18, 2003 Motion for Continuance having been denied without prejudice to renewal. As noted, the plaintiff consents to its granting. The Board regrets the inconvenience posed by such a continuance but attempted to avoid a conflict at the October 27, 2003 status conference and with its original December 18, 2003 motion.

THEREFORE, for the reasons set forth herein, the Board respectfully requests that the February 3, 2004 jury selection and subsequent trial of the present matter be continued until June

5

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

2004, or until the first opening on the court's trial calendar subsequent to February 2004 for which reasonable notice could be provided to the parties in order to enable them to clear their calendars and to secure the availability of witnesses. For purposes of facilitating continued settlement discussions, the Board further requests a continuance of the filing date for the parties' Joint Trial Memorandum as well as the Trial Conference date, although the continuance of the February 3, 2004 jury selection date and subsequent trial are the matters of most concern to the Board.

        THE DEFENDANTS,
        SIMSBURY BOARD OF EDUCATION AND
        DR. JOSEPH TOWNSLEY

        By _____
        Michael P. McKeon
        Federal Bar No. ct02290
        Sullivan, Schoen, Campane & Connon, LLC
        646 Prospect Avenue
        Hartford, Connecticut 06105-4286
        Telephone: (860) 233-2141
        Facsimile: (860) 233-0516
        E-mail: mmckeon@sscc-law.com

6

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

## CERTIFICATION

This is to certify that a copy of the foregoing Renewed Motion for Continuance was sent via facsimile and via first-class mail, postage prepaid, on this 12th day of January 2004 to Peter D. Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, Connecticut 06105-2922

_____
Michael P. McKeon