UNITED STATES DISTRICT COURT
DISTRICT COURT

| | |
|---|---|
| JOHN STANKO,<br> Plaintiff, | CIVIL ACTION NO.<br>3:01-CV-597(MRK) |
| v. | |
| SIMSBURY BOARD OF EDUCATION and<br>DR. JOSEPH TOWNSLEY,<br> Defendants. | APRIL 28, 2004 |

## JOINT TRIAL MEMORANDUM

**1.**   **Trial Counsel**

| For the Plaintiff | For the Defendant |
|---|---|
| Peter Goselin ct16074 | Michael P. McKeon ct02290 |
| Henry F. Murray ct17234 | Mark J. Sommaruga ct09865 |
| Livingston, Adler, Pulda, | Sullivan, Schoen, Campane |
|  Meiklejohn & Kelly P.C. | & Connon, LLC |
| 557 Prospect Avenue | 646 Prospect Avenue |
| Hartford, CT 06105 | Hartford, CT 06105 |
| Phone: (860) 233-9821 | Phone: (860) 233-2141 |
| Fax: (860) 232-7818 | Fax: (860) 233-0516 |
| pdgoselin@lapm.org | mmckeon@sscc-law.com |
| hfmurray@lapm.org | msommaruga@sscc-law.com |

**2.**   **Jurisdiction**

The Plaintiff's federal claims are for violation of 42 U.S.C. §1983, for deprivation of a liberty interest and for retaliation for the Plaintiff's exercise of his right to speak

1

freely on matters of public concern; the Plaintiff also alleges state law tort claims of defamation and tortious interference with a prospective employment relationship, and a state law claim for breach of contract. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. **Jury / Non-Jury**

This matter is to be tried to a jury.

4. **Length Of Trial**

Counsel reasonably anticipate that presentation of evidence in this case will not exceed four days. Counsel estimate that the trial may require five days.

5. **Further Proceedings**

Except for addressing motions in limine and other evidentiary issues, the parties do not believe that any further pre-trial proceedings will be needed.

6. **Nature Of Case**

This is a suit brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of state law of certain rights, privileges and immunities secured to the Plaintiff by the Constitution and laws of the United States.

The Plaintiff also alleges state law causes of action against the Defendants arising out of the same case or controversy as the federal claim. The Plaintiff alleges, inter alia, that the Defendants have made certain statements about him to prospective employers and that these statements deprived him of a liberty interest in his good name, were in retaliation for his exercise of his right to speak on matters of public concern, defamed him, tortiously interfered with his prospective business relations, and breached a contract between the parties. The Plaintiff brings this action for declaratory, injunctive or other relief, and damages for injuries sustained as a result of the Defendants' unlawful conduct.

The defendants have denied the allegations contained in the plaintiff's complaint and have further brought a counter-claim against the plaintiff, namely, that it was he who has breached the February 2, 2002 agreement, since that agreement expressly provided that the plaintiff would resign from his position and that as part of the agreement, a) defendant Townsley would provide the plaintiff with a letter verifying his tenure as an employee with the Simsbury Public Schools and the area of his teaching assignment, and b) that all inquiries with regard to the plaintiff's employment in the Simsbury Public Schools would be referred to the Superintendent of Schools (defendant Townsley), with the plaintiff agreeing to waive any claims against the Simsbury Board of Education and its employees and agents arising out of the Superintendent's good faith

responses to any such inquiries. Consistent with this agreement and waiver, defendant Townsley made statements to potential employers about the plaintiff, in good faith and in response to inquiries by potential employers. Notwithstanding this agreement and waiver, the plaintiff has brought the instant action against the defendant Board and its Superintendent of Schools, defendant Townsley, for claims precisely arising out of the Superintendent's good faith responses to inquiries by potential employers concerning the plaintiff. The defendants ask that they awarded costs in this action and reasonable attorney's fees, as a result of the plaintiff's breach of the agreement.

7. **Trial By Magistrate Judge**

The parties do not agree to a jury trial of this matter before a Magistrate Judge.

8. **Evidence**

   a. **Witnesses**

   **Plaintiff's Witnesses**

John Stanko   Stanko is the plaintiff in this matter, and will testify as his employment by the Simsbury Board of Education, the circumstances that gave rise to his resignation, the agreement entered into between the parties, events occurring following his resignation, his job search, and his damages.

Dr. Joseph Townsley   Townsley is a defendant in this matter, and served as the Superintendent for defendant Simsbury Board of Education at all times relevant to this case. Townsley will testify as a Fed.R.Evid. 611(c) witness regarding the policies and procedures of the defendant Simsbury Board of Education, Stanko's employment, the circumstances of his resignation, the parties' agreement, and his actions following Stanko's resignation.

<u>Dennis Carrithers</u>   Carrithers was at all times relevant to this action the principal of Simsbury High School. Carrither will testify as a Fed.R.Evid. 611(c) witness regarding the policies and procedures of Simsbury High School, Stanko's employment, the circumstances of his resignation, the parties' agreement, and his actions following Stanko's resignation.

<u>Roberta Mullane</u>   Mullane was at all times relevant to this action the Department Chairperson of the Simsbury High School English Department. Mullane will testify as a Fed.R.Evid. 611(c) witness regarding the policies and procedures of the Simsbury High School English Department, Stanko's employment, and the circumstances of his resignation.

<u>William Provost</u>   Provost was at times relevant to this action an officer of the Simsbury Education Association, the plaintiff's collective bargaining agent. Provost will testify regarding his observations of the policies and procedures of the Simsbury Board of Education, interactions between Stanko and Townsley, the circumstances of Stanko's resignation, and the parties' agreement.

*[The defendants object to this witness on the ground that he lacks first-hand knowledge of any evidence that is relevant to the claims, defenses or counterclaim in this matter. Thomas Dunn, a representative of the Connecticut Education Association, which was the plaintiff's union and exclusive bargaining agent, has been listed by both parties. Mr. Dunn negotiated the separation agreement on behalf of the plaintiff. To the extent that Mr. Provost could add anything even marginally relevant to the proceedings, such information would be second-hand, would constitute hearsay, and would be cumulative. Furthermore, to the extent that Mr. Provost would be qualified to testify about the purported "interactions between Stanko and Townsley," such irrelevant and immaterial testimony would inevitably ensnare the court in lengthy testimony about purely collateral matters.]*

<u>Robert Archibald</u>   Archibald was at times relevant to this action an officer of the Simsbury Education Association, the plaintiff's collective bargaining agent. Provost will testify regarding his observations of the policies and procedures of the Simsbury Board of Education, interactions between Stanko and Townsley, the circumstances of Stanko's resignation, and the parties' agreement.

*[The defendants object to this witness on the ground that he lacks first-hand knowledge of any evidence that is relevant to the claims, defenses or counterclaim in this matter. Thomas Dunn, a representative of the Connecticut Education Association, which was the plaintiff's union and exclusive bargaining agent, has been listed by both parties. Mr. Dunn negotiated the separation agreement on behalf of the plaintiff. To the extent that Mr. Archibald could add anything even marginally relevant to the proceedings, such information would be second-hand, would constitute hearsay, and would be cumulative. Furthermore, to the extent that Mr. Archibald would be qualified to testify about the purported "interactions between Stanko and Townsley," such irrelevant and immaterial testimony would inevitably ensnare the court in lengthy testimony about purely collateral matters.]*

<u>Thomas Dunn</u>    Dunn was at times relevant to this action a representative of the Connecticut Education Association, the umbrella group including the plaintiff's collective bargaining agent. Dunn will testify regarding the negotiation of the agreement between the parties at the time of Stanko's resignation.

<u>Mark Furniss</u>    Furniss was at times relevant to this action a teacher at Simsbury High School. Furniss will testify regarding the circumstances of Stanko's resignation.

*[The defendants object to this witness on the ground that he lacks first-hand knowledge of any evidence that is relevant to the claims, defenses or counterclaim in this matter. Thomas Dunn, a representative of the Connecticut Education Association, which was the plaintiff's union and exclusive bargaining agent, has been listed by both parties. Mr. Dunn negotiated the separation agreement on behalf of the plaintiff. To the extent that Mr. Furniss could add anything even marginally relevant to the proceedings, such information would be second-hand, would constitute hearsay, and would be cumulative.]*

<u>Don Harris</u>    Harris was at times relevant to this action Principal of Bloomfield High School, in Bloomfield, Connecticut. Harris will testify regarding the decision to hire Stanko at Bloomfield High School and Stanko's employment.

*[The defendants object to this witness as he was not identified in the plaintiff's Rule 26(a)(1) Initial Disclosures as a person with relevant information. The defendants further object to this witness on the ground that he lacks first-hand knowledge of any evidence that is relevant to the claims, defenses or counterclaim in this matter. ]*

<u>Alison & Taylor, Inc.</u>   Keeper of records, to authenticate business record.

*[The defendants object to this witness as he was not specifically identified in the plaintiff's Rule 26(a)(1) Initial Disclosures as a person with relevant information.]*

<u>JobReference.com Hunter Enterprises</u>   Keeper of records, to authenticate business record.

*[The defendants object to this witness as he was not specifically identified in the plaintiff's Rule 26(a)(1) Initial Disclosures as a person with relevant information.]*

### Defendants' Witnesses

In addition to the plaintiff, and to any witnesses that he may disclose, the defendants anticipate calling all or some of the following witnesses:

<u>Joseph Townsley</u>, Defendant/Superintendent of Schools, Simsbury Board of Education, c/o Simsbury Public School, 933 Hopmeadow Street, Simsbury, CT 06070-1897. Dr. Townsley will testify as to the circumstances relating to the plaintiff's employment with the defendant Simsbury Board of Education and separation from the same, including the negotiation and execution of a separation agreement, and Simsbury's responses to post-employment inquiries regarding the plaintiff. Dr. Townsley will testify as to Simsbury Public Schools' personnel practices, including the collective bargaining agreement in effect between the Board and the plaintiff's bargaining unit, the evaluation process, as well as the Board's relevant personnel and student policies. Dr. Townsley will also testify as to the grievance and arbitration process provided for under the collective bargaining agreement. If necessary, Dr. Townsley will testify with regard to the events surrounding the production of the "Shadow Box" at the Simsbury High School in 1991.

<u>Dennis Carrithers</u>, former Principal, Simsbury High School, Evergreen Terrace, West Hartford, CT 06107. Dr. Carrithers will testify as to the circumstances relating to the plaintiff's employment with the defendant Board, the separation of said employment, including the negotiation and execution of a separation agreement. In particular, Dr. Carrithers will testify as to the plaintiff's job performance and the complaint received by him concerning the plaintiff teacher using inappropriate and offensive language in the classroom, namely, calling an African-American student the "n-word" and using the term

7

"bastards suck" as a reference to school administrators, and his subsequent investigation of the same. If necessary, Dr. Carrithers will testify with regard to the events surrounding the production of the "Shadow Box" at the Simsbury High School in 1991.

<u>Jan Skolnick</u>, Personnel Director, Simsbury Board of Education, c/o Simsbury Public School, 933 Hopmeadow Street, Simsbury, CT 06070-1897. Skolnick will testify as to the Simsbury Public Schools' personnel practices and policies, including the collective bargaining agreement in effect between the Board and the plaintiff's bargaining unit, as well as the process by which such positions are filled and the Board's relevant personnel policies. Skolnick will also testify as to the grievance and arbitration process provided for under the collective bargaining agreement, and Simsbury's responses to post-employment inquiries regarding the plaintiff.

*[The Plaintiff objects to this witness as the subjects of his testimony as identified are duplicative and, as to the collective bargaining agreement and grievance and arbitration process, are not relevant to any claim of defense in this case.]*

<u>Roberta Mullane</u>, English Department Chairperson, Simsbury High School, c/o Simsbury High School, 34 Farms Village Road, Simsbury, CT 06070. Ms. Mullane will testify as to the circumstances relating to the plaintiff's employment with the defendant Board. In particular, Mullane will testify as to the plaintiff's job performance and the subsequent investigation into Stanko's use of inappropriate language in the classroom.

<u>Matthew Daniels</u>, 28 Rocklyn Drive, West Simsbury, CT 06092. Matthew Daniels will testify as to his complaint that the plaintiff teacher using inappropriate and offensive language in the classroom, namely, calling him the "n-word" and using the term "bastards suck" as a reference to school administrators, and his cooperation with a subsequent investigation of the same.

*[The Plaintiff objects to this witness as he was not identified in the Defendants' Rule 26(a)(1) Initial Disclosures as a person with relevant information.]*

<u>Mr./Mrs. Daniels</u>, 28 Rocklyn Drive, West Simsbury, CT 06092. Daniels will testify with regard to their complaint concerning the plaintiff teacher using inappropriate and offensive language in the classroom, namely, calling their son the "n-word" and using

8

the term "bastards suck" as a reference to school administrators, and their cooperation with a subsequent investigation of the same.

*[The Plaintiff objects to these witnesses as they were not identified in the Defendants' Rule 26(a)(1) initial disclosures as persons with relevant information. The Plaintiff further objects to these witnesses as they lack first-hand knowledge of any evidence that is relevant to the claims, defenses or counterclaim in this matter. The Plaintiff further objects that to the extent that these witnesses possessed testimony that was marginally relevant, the value of any such evidence would be outweighed by the potential for unfair prejudice to the Plaintiff.]*

<u>Thomas Dunn</u>, Union representative, Connecticut Education Association, 21 Capitol Avenue, Hartford, CT 06106. Dunn will testify as to the circumstances relating to the plaintiff's employment with the defendant Simsbury Board of Education and separation from the same, including the negotiation and execution of a separation agreement.

<u>Richard Wells</u>, Music and Performing Arts Department Supervisor, c/o Simsbury High School, 34 Farms Village Road, Simsbury, CT 06070. If necessary, Mr. Wells will testify with regard to the events surrounding the production of the "Shadow Box" at the Simsbury High School in 1991.

<u>Chair, Teacher Retirement Board</u>, or some other qualified representative thereof, Grand Street, Hartford, Connecticut. This witness will testify with respect to the plaintiff's damages claims as it relates to his claim for pension benefits.

*[The Plaintiff objects to this witness as he was not identified in the Defendants' Rule 26(a)(1) Initial Disclosures as a person with relevant information.]*

The defendants further reserve the right to call any witness listed by the plaintiff as well as to call additional witnesses for purposes of impeachment or rebuttal or in response to the testimony offered at trial by the plaintiff.

*[The Plaintiff objects to this reservation of rights to the extent that it is inconsistent with the Court's direction that witnesses not identified in the trial memorandum will not be permitted to testify except for good cause shown.]*

<u>Mary Margaret Girgenti, Chair, Simsbury Board of Education</u>, 933 Hopmeadow Street, Simsbury, Connecticut  06070, or other member of Board.  Ms. Girgenti will testify with respect to the Board's knowledge and involvement in the events giving rise to the claims, defenses and counterclaim.

### b. **Exhibits**

### **Plaintiff's Exhibits**

001   Simsbury Public Schools record, showing employment history for John Stanko

002   Evaluation for John Stanko, 6/2/97

003   "Two Words," a short story by Isabel Allende (1989)

*[The defendants object to this proposed exhibit on the ground that it is neither material nor relevant to the claims, defenses or counterclaim in this matter.]*

004   Memorandum of Agreement (including 2/2/98 reference letter)

005   Rejection letters
      August 16, 2000, St. Paul Catholic High School
      September 1, 2000, Moument Mountain Regional High School
      October 25, 2000, Wamogo Regional High School
      March 13, 2001, The Hotchkiss School
      April 11, 2001, Connecticut General Assembly
      June 13, 2001, Goodwin College
      July 20, 2001, Marketing Research Association

*[The defendants object to these proposed exhibits on the grounds that they are not authenticated, that they constitute hearsay, that the plaintiff cannot establish that they fall within exceptions to the hearsay rule, and that they are not relevant to the claims or defenses as they do not establish the bases for why the plaintiff was not hired for the particular positions.  Furthermore, even were one to assume, arguendo, that they – in and of themselves – had some marginal relevance, introducing them without testimony from their authors authenticating them and explaining why the plaintiff was not hired would lead to the baseless, prejudicial supposition that the plaintiff was not hired for these positions purportedly due to some action or inaction on the part of the defendants.*

*Consequently, their unfairly prejudicial effect would far outweigh any minimal probative value.]*

006   Allison & Taylor, Inc. letter to John Stanko 11/13/00 (including Confidential Basic Reference Report 10/11/00)

*[The defendants object to this proposed exhibit on the grounds that it is not authenticated, that it constitutes hearsay, that the plaintiff cannot establish that it falls within an exception to the hearsay rule, and that it is not relevant to the claims or defenses as it does not establish that the plaintiff was not hired or suffered some other adverse employment consequence.]*

007   JobReference.com Hunter Enterprises letter to John Stanko 12/14/00 (including Employment Reference Verification Service 12/13/00)

*[The defendants object to this proposed exhibit on the grounds that it is not authenticated, that it constitutes hearsay, that the plaintiff cannot establish that it falls within an exception to the hearsay rule, and that it is not relevant to the claims or defenses as it does not establish that the plaintiff was not hired or suffered some other adverse employment consequence.]*

008   Letter to Simsbury Board of Education seeking retraction, 3/13/01

*[The defendants object to this proposed exhibit on the grounds that it is not relevant and furthermore that as it was written by the plaintiff's trial counsel, it opens the possibility of the plaintiff's attorney becoming a witness, thereby raising issues of disqualification.]*

009   Defendants' Interrogatory Responses, 10/5/01

*[The defendants object to this proposed exhibit on the ground that it does not constitute the best evidence of the statements contained therein and on the ground that the objections interposed therein could have a prejudicial effect on the defendants if submitted to the jury for although such objections were perfectly appropriate and legally based, such legal nuances would likely be lost on a jury and could be interpreted in a prejudicial manner.]*

010   "Salary Schedule 2001-2002"

11

011   Form W-2's for John Stanko for 2002, 2003.

012   State of Connecticut Teachers' Retirement System Summary of Benefits

*[The defendants object to this proposed exhibit on the grounds that it is not authenticated, that it constitutes hearsay, that the plaintiff cannot establish that it falls within an exception to the hearsay rule, and that it does not constitute the best evidence of what, if any, pension-related damages the plaintiff incurred.]*

013   Strategic School Profile 1997-98, Simsbury High School

### Defendant's Exhibits

The defendants anticipate utilizing some or all of the following exhibits at trial:

1.   Written complaint by student, dated February 12, 1996 received and investigated by High School Principal Dennis Carrithers, concerning lack of structure in class, including allowing students to grade themselves and failure to carry out and complete assignments.

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaim in this matter. To the extent that this document has any marginal relevance, the Plaintiff objects that such relevance is outweighed by the potential for unfair prejudice to the Plaintiff.]*

2.   June 14, 1996 memo from Carrithers to Stanko

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaim in this matter. To the extent that this document has any marginal*

12

*relevance, the Plaintiff objects that such relevance is outweighed by the potential for unfair prejudice to the Plaintiff.]*

3. Complaint/statement received by High School Principal Dennis Carrithers from student concerning plaintiff using inappropriate and offensive language in the classroom, namely, calling an African-American student the "n-word", dated December 21, 1997.

4. Complaint/statement received by High School Principal Dennis Carrithers concerning plaintiff using inappropriate and offensive language in the classroom, namely, using the term "bastards suck" as a reference to school administrators, dated December 22, 1997.

5. Numerous students interviewed/attached written statements of students dated December 21, 1997 and December 22, 1997, as per Carrithers investigation.
*[The Plaintiff objects to these statements coming into evidence. The written statements are unsworn, were created at the request of persons acting on behalf of the Defendants and under their supervision, and the persons who created them were not identified by the Defendant as potential witnesses in its Rule 26(a)(1) initial disclosures. The introduction of these statements would unfairly prejudice the Plaintiff.]*

6. Summary document of Mr. Carrithers regarding his investigation of the December 1997 complaints.

7. 1999-2002 collective bargaining agreement between Simsbury Board of Education and Simsbury Education Association.

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaims in this matter.]*

8. The plaintiff's personnel file, including evaluations of performance and parental complaints.

*[The Plaintiff objects to this attempt to designate the Plaintiff's personnel file – reflecting several hundred pages of documents created over a career of approximately 30 years – as the Defendants will not be able to show that the file as a whole bears any relevance to the claims, defenses or counterclaim in this matter.]*

9. Separation Agreement between Simsbury and the plaintiff.

10. Documentation of post-employment inquiry and response thereto re: Global Verification Services with Dianne Eisenhardt, Management Consultant, Global Verification Services.

11. Documentation of post-employment inquiry and response thereto re: Hunter Resources with Maria Cerna, Vice President, Hunter Resources.

12. Board Policy re: defendant's policy regarding controversial issues.

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaims in this matter.]*

    13.    Board Policy re: defendant's policy regarding nondiscrimination.

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaims in this matter.]*

    14.    March 6, 1998 Hartford Courant article entitled: "Teacher Resigns After making Racial Remark

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaim in this matter.]*

    15.    April 28, 1998 Hartford Advocate letter entitled: "Teacher Got What He Deserved"

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaim in this matter.]*

    16.    Hartford Courant editorial entitled: "Choice Words on Race"

*[The Plaintiff objects to this document as not relevant to any of the claims, defenses or counterclaim in this matter.]*

    17.    Plaintiff's Records from State of Connecticut Teacher Retirement Board.

The defendants further reserve the right to introduce into evidence any exhibit listed by the plaintiff as well as to introduce additional documents for purposes of impeachment or rebuttal or in response to the testimony offered at trial.

*[The Plaintiff objects to the Defendants' reservation of rights to the extent that it conflicts with the Court's direction that documents not identified in the trial memorandum will not be allowed into evidence except for good cause.]*

### c. Deposition Testimony

The parties do not anticipate introducing deposition testimony in lieu of any witness, but reserve their right to make use of depositions for purposes of cross-examination and impeachment.

### 9. Jury Trial[1]

### Stipulations Of Uncontroverted Facts

1. The Plaintiff was employed by the Defendant Simsbury Board of Education from 1969 until 1998 as an English teacher.

2. On or about February 2, 1998, the Plaintiff entered into an agreement with the Defendants whereby he would resign in exchange for a letter of reference and for the referral of inquiries from potential employers to Defendant Townsley.

### 10. Anticipated Evidentiary Problems

The Plaintiff requests that the Court reserve to itself 1) the question of what relief, if any, that should be awarded to the Plaintiff as a result of lost pension benefits; and 2)

---

[1] Per the terms of the Court's order, the parties each attach hereto their Proposed Voir Dire Questions, with objections (Attachment 1); Proposed Jury Instructions, with objections (Attachment 2); and Proposed Verdict Form with objections (Attachment 3).

16

what relief, if any, the Plaintiff should be awarded to offset the tax consequences of any award of attorney's fees in this matter. The reservation of these matters, which partially or entirely touch upon matters of equitable relief, would significantly simplify the issues to be tried to the jury by focusing on issues of liability and a more limited set of damages issues.

> RESPECTFULLY SUBMITTED,
>
> For the Plaintiff,
>
> /s/ Peter Goselin         MPM
> Peter Goselin ct16074
> Henry F. Murray ct17234
> Livingston, Adler, Pulda,
>     Meiklejohn & Kelly P.C.
> 557 Prospect Avenue
> Hartford, CT 06105
> Phone: (860) 233-9821
> Fax: (860) 232-7818
> pdgoselin@lapm.org
> hfmurray@lapm.org

For the Defendants

_____
Michael P. McKeon ct02290
Mark J. Sommaruga ct09865
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, CT 06105
Phone: (860) 233-2141
Fax: (860) 233-0516
mmckeon@sscc-law.com
msommaruga@sscc-law.com

18

## CERTIFICATION

This is to certify that the plaintiff's counsel, Peter D. Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, Connecticut 06105-2922, authorized the undersigned counsel for the defendants to sign the foregoing Joint Trial Memorandum on his behalf and to submit the fully executed Joint Trial Memorandum to the court. This is to further certify that a fully executed copy of the foregoing Joint Trial Memorandum was sent via first-class mail, postage prepaid, on this 28th day of April 2004 to Peter D. Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, Connecticut 06105-2922.

Michael P. McKeon

19

Case 3:01-cv-00597-MRK   Document 56   Filed 04/29/2004   Page 19 of 19