UNITED STATES DISTRICT COURT
DISTRICT COURT

| | |
|---|---|
| JOHN STANKO, <br>     Plaintiff, | CIVIL ACTION NO. <br> 3:01-CV-597(MRK) |
| v. | |
| SIMSBURY BOARD OF EDUCATION and <br> DR. JOSEPH TOWNSLEY, <br>     Defendants. | APRIL 28, 2004 |

## THE PARTIES' PROPOSED JURY INTERROGATORIES

**I.   Plaintiff's Proposed Jury Interrogatories**

**Section I**

1.   Do you find by a preponderance of the evidence that the statements made by Joseph Townsley on behalf of the Simsbury Board of Education were motivated at least in part by animus toward John Stanko for his speech on matters of public concern?

    Yes_____     No_____

2.   Do you find by a preponderance of the evidence that Joseph Townsley, on behalf of the Simsbury Board of Education, made false statements about John Stanko?

    Yes_____     No_____

3.   Do you find by a preponderance of the evidence that Joseph Townsley, on behalf of the Simsbury Board of Education, deprived John Stanko of a liberty interest in his good name?

1

Yes_____    No_____

4. Do you find by a preponderance of the evidence that Joseph Townsley, on behalf of the Simsbury Board of Education, interfered with John Stanko's prospective employment opportunities?

Yes_____    No_____

5. Do you find by a preponderance of the evidence that Joseph Townsley's statements about John Stanko were made with malice?

Yes_____    No_____

6. Do you find by a preponderance of the evidence that Joseph Townsley's statements on behalf of the Simsbury Board of Education were in breach of the contract with John Stanko?

Yes_____    No_____

[If you have answered any of questions 1 through 6 "Yes" then you must proceed to Section II; if you have answered all of questions 1 through 6 "No," then the jury foreperson should sign and date this form and notify the Court.]

**Section II**

Please state the amount of damages, if any, that John Stanko has proven by a preponderance of the evidence to have suffered as a result of the statements made about him by Joseph Townsley on behalf of the Simsbury Board of Education.

_____ Nominal Damages (not to exceed 1 dollar)

_____ Compensatory Damages-Lost Wages

2

_____ Compensatory Damages-Pain and Suffering Damages

_____ Reputational Damages

_____ Punitive Damages

[When you have completed Section II, the foreperson should sign and date the form and notify the Court.]

Please sign and date these interrogatories in ink and notify the Court that you have completed them.

_____          _____
Signature of Jury Foreperson                               Date

## II. Defendants' Proposed Jury Interrogatories

The defendants respectfully request permission to supplement their portion of the Parties' Joint Pre-Trial Motion by submitting their proposed jury interrogatories prior to the commencement of trial. The defendants reserve the right to revise and expand their proposed jury interrogatories in conjunction with the charging conference.

3

Nevertheless, the defendants herewith submit the following proposed jury interrogatories.

I. **LIABILITY**

**Count One**

1. Did the plaintiff prove by a preponderance of the evidence that the defendants defamed the plaintiff?

        Yes____        No____

If you have checked "No" please proceed to "Count Two." If you have checked "Yes," please go to the next question.

2. Did the plaintiff prove by a preponderance of the evidence that the allegedly defamatory statement was made in the course of terminating the plaintiff's employment?

        Yes____        No____

If you have checked "No" please proceed to "Count Two." If you have checked "Yes," please go to the next question.

3. Did the plaintiff prove by a preponderance of the evidence that he suffered significant damage to his employment opportunities as the direct result of an allegedly defamatory statement made in the course of terminating the plaintiff's employment?

        Yes____        No____

Case 3:01-cv-00597-MRK   Document 59   Filed 04/29/2004   Page 4 of 13

### Count Two

1. Did the plaintiff prove by a preponderance of the evidence that he was retaliated against on the basis of his speech?

          Yes____          No____

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

2. Did the plaintiff prove by a preponderance of the evidence that his interest in engaging in his speech outweighed the defendants' interest in taking action to ensure that students within the school district were not exposed to inappropriate or offensive material?

          Yes____          No____

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

3. Did the plaintiff prove by a preponderance of the evidence that he engaged in speech that played a substantial role in the retaliatory conduct he claims to have suffered?

          Yes____          No____

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

4. Did the Board demonstrate by a preponderance of the evidence that it based its actions upon factors other than the plaintiff's speech, such as parental complaints, concerns about the plaintiff's judgment or treatment of students, or the plaintiff's actions?

        Yes____        No____

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

5. Did the plaintiff prove by a preponderance of the evidence that the Board engaged in unlawful conduct itself?

        Yes____        No____

6. Did the plaintiff prove by a preponderance of the evidence that Dr. Townsley engaged in conduct that resulted from an official Board policy, custom, regulation or decision?

        Yes____        No____

### Count Three - Defamation

1. Did the plaintiff prove by a preponderance of the evidence that the defendants publish any of the claimed defamatory statements?

        Yes____        No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

2.  Did the plaintiff prove by a preponderance of the evidence that the defendants' alleged statements were statements of fact rather than opinions?

        Yes____        No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

3.  Did the plaintiff prove by a preponderance of the evidence that the defendants' alleged statements were false?

        Yes____        No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

4.  Did the plaintiff prove by a preponderance of the evidence that the defendants' alleged statements tended to harm the plaintiff by lowering the plaintiff in the estimation of the community?

        Yes____        No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

5.  Did the plaintiff prove by a preponderance of the evidence that the defendants acted with malice by making statements they knew to be false or by making statements with reckless disregard as to whether or not they were false?

Case 3:01-cv-00597-MRK    Document 59    Filed 04/29/2004    Page 7 of 13

Yes____          No____

### Count Four – Breach of Contract

1. Did the plaintiff prove by a preponderance of the evidence that the defendants breached the separation agreement?

Yes____          No____

2. Did the defendants prove by a preponderance of the evidence that the plaintiff breached the separation agreement?

Yes____          No____

### Count Five – Interference With Business Relations

1. Did the plaintiff prove by a preponderance of the evidence the existence of a contractual or business relationship?

Yes____          No____

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

2. Did the plaintiff prove by a preponderance of the evidence that the defendants were aware of that contractual or business relationship?

Yes____          No____

8

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

3. Did the plaintiff prove by a preponderance of the evidence that the defendants intended to interfere with the contractual or business relationship?

        Yes_____                No_____

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

4. Did the plaintiff prove by a preponderance of the evidence that the defendants' interference was malicious and undertaken without justification?

        Yes_____                No_____

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

5. Did the plaintiff prove by a preponderance of the evidence that the plaintiff suffered a loss of a contractual or business relationship as the direct result of the defendants' malicious and unjustified interference?

        Yes_____                No_____

### JURY INTERROGATORIES AS TO DAMAGES

You should only answer the interrogatories in this section if you have entered a verdict in favor of the plaintiff on one or more of the five counts.

I.  **COMPENSATORY DAMAGES**

1. Do you find that the plaintiff has proved actual damages suffered as the result of unlawful retaliation discrimination in violation of his federal rights on the part of the defendants?

Yes[ ]          No[ ]

(mark an "X" in the appropriate space)

2. If you answered "YES", what amount of money in actual damages is fair and just to fully compensate plaintiff for the injuries sustained by him as caused by the defendants?

$_____

3. If you answered "NO", to interrogatory no. 1 above, you have found that the Plaintiff has proved the defendants violated his rights under state and/or federal law, but that he failed to prove actual damage. You must, therefore, award nominal damages in amount not to exceed $10.00. Enter that amount below:

$_____

Your deliberations are complete. Please sign and date this form.

_____
Foreperson

_____

10

Date

*[The Plaintiff objects to the Defendants' reservation of rights to revise or amend its proposed interrogatories at some later date, to the extent that it is contrary to the Court's direction as set out in the Trial Scheduling Order and Joint Trial Memorandum Instructions. The Plaintiff further objects to the Defendants' interrogatories as not reasonably calculated to assist the jury in its responsibility to make findings as to liability and damages in this matter.]*

                                 RESPECTFULLY SUBMITTED,
                                 For the Plaintiff,

Peter Goselin ct16074
Henry F. Murray ct17234
Livingston, Adler, Pulda,
     Meiklejohn & Kelly P.C.
557 Prospect Avenue
Hartford, CT 06105
Phone: (860) 233-9821
Fax: (860) 232-7818
pdgoselin@lapm.org
hfmurray@lapm.org

For the Defendants,

*[signature]*

Michael P. McKeon (ct02290)
Mark J. Sommaruga (ct09865)
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, Connecticut 06105
Phone: (860) 233-2141
Fax: (860)-233-0516
msommaruga@sscc-law.com
mmckeon@sscc-law.com

## CERTIFICATION

This is to certify that the plaintiff's counsel, Peter D. Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, Connecticut 06105-2922, authorized the undersigned counsel for the defendants to sign the foregoing Parties' Proposed Jury Interrogatories on his behalf and to submit the fully executed Parties' Proposed Jury Interrogatories to the court. This is to further certify that a fully executed copy of the foregoing Parties' Proposed Jury Interrogatories was sent via first-class mail, postage prepaid, on this 28th day of April 2004 to Peter D. Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, Connecticut 06105-2922.

_____
Michael P. McKeon