UNITED STATES DISTRICT COURT
DISTRICT COURT

| | |
|---|---|
| JOHN STANKO,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:01CV597(MRK) |
| v. | |
| SIMSBURY BOARD OF EDUCATION and<br>DR. JOSEPH TOWNSLEY,<br>    Defendants. | |
| | MAY 27, 2004 |

### Plaintiff's Proposed Statement of the Case

The Plaintiff respectfully requests that the Court provide this statement to the jury as an initial and balanced introduction to the legal and factual issues that it must consider.

The Plaintiff in this case is John Stanko, and the Defendants are the Simsbury Board of Education and Dr. Joseph Townsley, the Superintendent of Schools for the Simsbury Board of Education. Mr. Stanko taught English in the Simsbury schools for thirty years, and resigned his position in 1998 following a dispute over a parent's complaint about him. The resignation was according to the terms of a settlement agreement that provided, among other things, that the Defendants would provide Mr. Stanko with a letter of reference, and that if any potential employer were to contact the Board of Education about Mr. Stanko, the inquiry would be directed to Dr. Townsley, who would answer the inquiry in good faith.

Mr. Stanko alleges in this lawsuit that after he resigned his position, potential employers and reference-checking firms made inquiries to Dr. Townsley

about him. Mr. Stanko alleges that Dr. Townsley did not respond in good faith, and that he made statements about Mr. Stanko that were negative, derogatory and false. Mr. Stanko alleges that because Dr. Townsley made these comments to potential employers, he was unable to find employment comparable to what he had held during his employment by the Simsbury Board of Education.

Mr. Stanko has brought several different legal claims against the Defendants arising out of Dr. Townsley's alleged statements. As I have told you, Mr. Stanko alleges that Dr. Townsley's statements were in bad faith, and therefore violated the contract that Mr. Stanko had made with the Defendants. Mr. Stanko also alleges that Dr. Townsley's statements were made in retaliation for Mr. Stanko's exercise of his right to free speech on matters of public concern while he was an employee. Mr. Stanko also alleges that some of the statements made about him by Dr. Townsley were false and were intended to damage Mr. Stanko's reputation as an educator. Finally, Mr. Stanko alleges that Dr. Townsley's statements wrongfully interfered with his attempts to obtain employment by other employers.

The Simsbury Board of Education and Dr. Townsley deny the allegations made by Mr. Stanko. They allege that Dr. Townsley's statements were made in good faith, were not in retaliation for Mr. Stanko's speech while an employee, and were either factually true or else were opinions that he was legally permitted to offer when speaking about Mr. Stanko.

The Simsbury Board of Education has a counterclaim in this lawsuit. The Board of Education alleges that the agreement that it had with Mr. Stanko forbids

him from bringing this action, and that by doing so he has violated a contract. Mr. Stanko denies that the agreement prohibited him from bringing this action and denies that he has violated the contract by so doing.

        RESPECTFULLY SUBMITTED,
        For the Plaintiff,

        _____
        Peter Goselin ct16074
        Henry F. Murray ct17234
        Livingston, Adler, Pulda,
            Meiklejohn & Kelly P.C.
        557 Prospect Avenue
        Hartford, CT 06105
        Phone: (860) 233-9821
        Fax: (860) 232-7818
        pdgoselin@lapm.org
        hfmurray@lapm.org

## CERTIFICATE OF SERVICE

      This hereby certifies that a copy of the foregoing Plaintiff's Proposed Statement of the Case has been mailed first-class postage pre-paid on this 27th day of May 2004 to all counsel of record as follows:

Michael P. McKeon  
Sullivan, Schoen, Campane & Connon, LLC  
646 Prospect Avenue  
Hartford, CT 06105

_____

Peter Goselin