

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN STANKO, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:01-CV-597(MRK) |
| | : | |
| v. | : | |
| | : | |
| SIMSBURY BOARD OF EDUCATION | : | |
| AND DR. JOSEPH TOWNSLEY, | : | |
|     Defendants. | : | MAY 27, 2004 |

### DEFENDANTS' PROPOSED JURY INTERROGATORIES

**I.   PLAINTIFF'S CLAIMS**

**Count One**

1. Did the plaintiff prove by a preponderance of the evidence that the defendants defamed the plaintiff?

    Yes____                  No____

If you have checked "No" please proceed to "Count Two." If you have checked "Yes," please go to the next question.

2. Did the plaintiff prove by a preponderance of the evidence that the allegedly defamatory statement was made in the course of terminating the plaintiff's employment?

    Yes____                  No____

If you have checked "No" please proceed to "Count Two." If you have checked "Yes," please go to the next question.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

3. Did the plaintiff prove by a preponderance of the evidence that he suffered significant damage to his employment opportunities as the direct result of an allegedly defamatory statement made in the course of terminating the plaintiff's employment?

        Yes____        No____

### Count Two

1. Did the plaintiff prove by a preponderance of the evidence that he was retaliated against on the basis of his speech?

        Yes____        No____

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

2. Did the plaintiff prove by a preponderance of the evidence that his interest in engaging in his speech outweighed the defendants' interest in taking action to ensure that students within the school district were not exposed to inappropriate or offensive material?

        Yes____        No____

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

3. Did the plaintiff prove by a preponderance of the evidence that he engaged in speech that played a substantial role in the retaliatory conduct he claims to have suffered?

        Yes____        No____

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

4.  Did the Board demonstrate by a preponderance of the evidence that it based its actions upon factors other than the plaintiff's speech, such as parental complaints, concerns about the plaintiff's judgment or treatment of students, or the plaintiff's actions?

        Yes____        No____

If you have checked "No" please proceed to "Count Three." If you have checked "Yes," please go to the next question.

5.  Did the plaintiff prove by a preponderance of the evidence that the Board engaged in unlawful conduct itself?

        Yes____        No____

6.  Did the plaintiff prove by a preponderance of the evidence that Dr. Townsley engaged in conduct that resulted from an official Board policy, custom, regulation or decision?

        Yes____        No____

**Count Three - Defamation**

1.  Did the plaintiff prove by a preponderance of the evidence that the defendants publish any of the claimed defamatory statements?

        Yes____        No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

3

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

2. Did the plaintiff prove by a preponderance of the evidence that the defendants' alleged statements were statements of fact rather than opinions?

Yes____    No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

3. Did the plaintiff prove by a preponderance of the evidence that the defendants' alleged statements were false?

Yes____    No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

4. Did the plaintiff prove by a preponderance of the evidence that the defendants' alleged statements tended to harm the plaintiff by lowering the plaintiff in the estimation of the community?

Yes____    No____

If you have checked "No" please proceed to "Count Four." If you have checked "Yes," please go to the next question.

5. Did the plaintiff prove by a preponderance of the evidence that the defendants acted with malice by making statements they knew to be false or by making statements with reckless disregard as to whether or not they were false?

Yes____    No____

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

### Count Four – Breach of Contract

1.  Did the plaintiff prove by a preponderance of the evidence that Dr. Townsley did not act in good faith when he responded to inquiries regarding the plaintiff's employment with the Simsbury Public Schools?

    Yes____        No____

If you have checked "No" please proceed to "Count Five." If you have checked "Yes," please go to the next question.

2.  Did the plaintiff prove by a preponderance of the evidence that the defendants breached the February 2, 1998 separation agreement?

    Yes____        No____

### Count Five – Interference With Business Relations

1.  Did the plaintiff prove by a preponderance of the evidence the existence of a contractual or business relationship?

    Yes____        No____

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

2.  Did the plaintiff prove by a preponderance of the evidence that the defendants were aware of that contractual or business relationship?

    Yes____        No____

5

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

3. Did the plaintiff prove by a preponderance of the evidence that the defendants intended to interfere with the contractual or business relationship?

Yes____        No____

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

4. Did the plaintiff prove by a preponderance of the evidence that the defendants' interference was malicious and undertaken without justification?

Yes____        No____

If you have checked "No" do not proceed any further under Count Five. If you have checked "Yes," please go to the next question.

5. Did the plaintiff prove by a preponderance of the evidence that the plaintiff suffered a loss of a contractual or business relationship as the direct result of the defendants' malicious and unjustified interference?

Yes____        No____

**DEFENDANTS' COUNTERCLAIM**

1. Did the defendants prove by a preponderance of the evidence that the plaintiff breached the February 2, 1998 separation agreement?

Yes____        No____

6

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

## JURY INTERROGATORIES AS TO DAMAGES

You should only answer the interrogatories in this section if you have entered a verdict in favor of the plaintiff on one or more of the five counts.

### I. COMPENSATORY DAMAGES

1. Do you find that the plaintiff has proved actual damages suffered as the result of unlawful retaliation discrimination in violation of his federal rights on the part of the defendants?

   Yes[ ]          No[ ]

   (mark an "X" in the appropriate space)

2. If you answered "YES", what amount of money in actual damages is fair and just to fully compensate plaintiff for the injuries sustained by him as caused by the defendants?

   $_____

3. If you answered "NO", to interrogatory no. 1 above, you have found that the Plaintiff has proved the defendants violated his rights under state and/or federal law, but that he failed to prove actual damage. You must, therefore, award nominal damages in amount not to exceed $10.00. Enter that amount below:

   $_____

Your deliberations are complete. Please sign and date this form.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

_____
Foreperson

_____
Date

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

THE DEFENDANTS,
SIMSBURY BOARD OF EDUCATION AND DR.
JOSEPH TOWNSLEY

*[signature]*

Michael P. McKeon (ct02290)
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, Connecticut 06105
Telephone: (860) 233-2141
Facsimile: : (860)-233-0516
mmckeon@sscc-law.com

9

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

## CERTIFICATION

This is to certify that a copy of the foregoing Defendants' Proposed Jury Interrogatories was sent via first-class mail, postage prepaid, on this 27th day of May 2004 to Peter D. Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, Connecticut 06105-2922.

_____
Michael P. McKeon