## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOHN STANKO,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:01-CV-597(MRK)** |
| | : | |
| **v.** | : | |
| | : | |
| **SIMSBURY BOARD OF EDUCATION** | : | |
| **AND DR. JOSEPH TOWNSLEY,** | : | |
| **Defendants.** | : | **MAY 28, 2004** |

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

In accordance with the May 21, 2004 request of this court, the defendants, Simsbury Board of Education and Dr. Joseph Townsley [collectively "the Board"], hereby submit their response to the Plaintiff's Proposed Jury Instructions. In this Response, the Board will set forth the plaintiff's proposed jury instructions as well as its responses, including objections, thereto.

### I.    PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### 1.    Introduction to Plaintiff's §1983 Claims

The Plaintiff, John Stanko, has brought two claims for violations of his rights under federal law. These claims are brought under a statute that is usually referred to as Section 1983. Section 1983 is a federal civil rights statute that provides that a person may sue any person who, under color of state law, deprives him of any of the rights, privileges or immunities secured or protected by the Constitution of the United

States.  These rights, privileges and immunities include the right to free speech under the First Amendment; they also include the right not to have one's good name taken away by the government without due process.  I will be referring to the first of these claims as the Plaintiff's First Amendment claim; later on in these instructions I will be telling you about the second of these claims, and I will refer to the second as the Plaintiff's claim for loss of his liberty interest in his good name, or simply his liberty interest claim.

**BOARD'S RESPONSE**

**The Board has no objection to this section of the plaintiff's proposed jury instructions with the exception that except that the Board does not believe the purported speech upon which he bases his free speech claims is constitutionally protected and thus these claims should not go to the jury.  See 5/28/04 Defendants' Memorandum of Law on Plaintiff's First Amendment Claims.**

2.    **§1983 – First Amendment Claim**

To establish a First Amendment claim under Section 1983, the Plaintiff must establish by a preponderance of the evidence that he suffered an adverse action taken by a person acting under color of state law, that the adverse action deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United

2

States, and that the Defendants' conduct was the proximate cause of the injuries and damages suffered by the Plaintiff.1

**BOARD'S RESPONSE**

The Board objects to this portion of the plaintiff's proposed jury instructions as it fails to include two material factors in determining a free speech claim under the First Amendment:

1.      Whether the plaintiff's interest in her speech outweighed the Board's interest in taking action to promote effective and efficient public service.  **Bernheim v. Litt**, 79 F.3d at 324.  See also **Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle**, 429 U.S. 274, 284, 97 S. Ct. 568, 574, 50 L.Ed.2d 471 (1977); **Pickering v. Board of Educ.**, 391 U.S. 563, 568, 88 S. Ct. 1731, 1734-35, 20 L.Ed.2d 811 (1968); **Azzaro v. County of Alleghany**, 110 F.3d 968, 976 (3rd Cir. 1997); **Tindal v. Montgomery County Comm.**, 32 F.3d 1535, 1540 (11th Cir. 1994).

2.      Whether the plaintiff's speech played a substantial role in the discipline she claims she suffered and in her discharge.  **Bernheim v. Litt**, 79 F.3d at 324 (quoting

---

1 Lewis v. Cowen, Lange & Hickey, No. 2:91-CV-432 (TPS), *Charge of the Jury,*  1996, p. 53; Lugar v.  Edmonson Oil Co., 457 U.S. 922, 102 S. Ct. 2744 (1982); Paratt v.  Taylor, 451 U.S. 527, 101 S. Ct.  1908 (1981); Maine v.  Thiboutot, 448 U.S. 1, 100 S. Ct. 2502 (1980); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473 (1961); Gierlinger v. Gleason, 160 F.3d 858, 872 (2nd Cr.  1998); Bernheim v. Litt,79 F.3d. 318, 324 (2nd Cir. 1996); Marshall v.  Switzer, 10 F.  3d 925 (2nd Cir.  1993); Jeffries v. Harleston, 21 F.3d. 1238, 1245, (2nd Cir. 1994), vacated and remanded on other grounds, 513 U.S. 996, 115 S. Ct. 502, (1994)(memorandum); decided 52 F.3d. 9 (2nd Cir. 1995); Frank v. Relin, 1 F.3d. 1317, 1328-9 (2nd Cir. 1993) cert. denied 510 U.S 1012, 114 S. Ct. 604 (1993).

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

**Gagliardi v. Village of Pawling**, 18 F.3d 188, 194 (2d Cir. 1994), quoting in turn **Easton v. Sundram**, 947 F.2d 1011, 1015 (2d Cir. 1991), *cert. denied*, 504 U.S. 911, 112 S. Ct. 1943, 118 L.Ed.2d 548 (1992)); **Tindal v. Montgomery County Comm.**, 32 F.3d at 1540. **Although the plaintiff's proposed instructions references "proximate cause," they do not note that it is legally insufficient for the plaintiff to prove that the defendants' purported conduct played a role in injuries allegedly incurred by the plaintiff; instead, the plaintiff is required to prove that such conduct played a "substantial role."**

In this case, the parties agree that in February 1998, John Stanko resigned from his position as a teacher with the Simsbury Board of Education. The circumstances of Stanko's departure are therefore not at issue here. The adverse action alleged by John Stanko is that the Defendants made false and derogatory statements about him after his resignation to parties inquiring about Stanko's employment. I instruct you as a matter of law that such statements, if made, constituted an adverse action. I further instruct you as a matter of law that if you find that Dr. Townsley made such statements in response to inquiries about Stanko's employment, such statements were made under color of state law, inasmuch as Dr. Townsley was speaking in his capacity as Superintendent of Schools and on behalf of the Simsbury Board of Education.

4

**BOARD'S RESPONSE**

1.     The Board objects to this portion of the plaintiff's proposed jury instructions, specifically the sentence:   "I instruct you as a matter of law that such statements, if made, constituted an adverse action."  The Board bases this objection on the ground that it assumes that the plaintiff will have introduced evidence that there was any causal link between statements that Dr. Joseph Townsley may have made and an adverse employment decision.  It is undisputed that the two reference checking agencies were just that; they were not potential employers.  Furthermore, there is no evidence that they were retained by anyone other than the plaintiff to check his references.  Consequently, if they were working solely at the behest of the plaintiff and Dr. Townsley's alleged statements were never communicated to any other party, including a potential employer, such statements cannot, as the plaintiff asserts, be considered adverse as a matter of law.

2.     This aspect of the instructions also assumes that Dr. Townsley's alleged statements were false and derogatory.  The plaintiff's proposed instruction reads, *inter alia*: "The adverse action alleged by John Stanko is that the Defendants made false and derogatory statements about him after his resignation to parties inquiring about Stanko's employment. I instruct you as a matter of law that such statements, if made, constituted an adverse action."  As drafted, the instructions assume that any statements *were* "false and derogatory."  Such an instruction would not only unfairly prejudice the Board on the

*LAW OFFICES*  •  **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC**  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO  62326

plaintiff's First Amendment claim, but also on the defamation claim's question of whether Dr. Townsley acted with malice, to the liberty interest claim's question of stigmatizing comments, and to the contract claim's question of bad faith. Furthermore, the Board believes the evidence will establish that Dr. Townsley's comments to these reference checking agencies were true.

3.     Finally, at least one of the reference checking agencies notes that the plaintiff authorized Dr. Townsley to speak with the agency. If Dr. Townsley declined to speak with the agency until the plaintiff reiterated his prior waiver authorizing Dr. Townsley to do so, how can the plaintiff then assert that Dr. Townsley's speaking with the agency constituted an "adverse action" as a matter of law?


At issue in this case is whether the Defendants' statements about the Plaintiff were motivated by the Plaintiff's exercise of rights protected by the First Amendment, and whether the Defendants were the proximate cause of the Plaintiff's damages.

**BOARD'S RESPONSE**

The Board objects to this portion of the plaintiff's proposed instructions because it again ignores the heightened standard of the defendants' purported actions playing a "substantial role" in his alleged damages. Furthermore, this instruction essentially asks the jury to assume that the plaintiff suffered "damages."

6

John Stanko claims that the statements made by Dr. Townsley were in retaliation for Stanko's exercise of his right to free speech under the First Amendment of the United States Constitution.    The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech."  This constitutional provision applies to state officials acting under color of state law.   This includes officials of a town government or agency, such as a board of education.

A public employee does not surrender the right of free speech when he or she accepts government employment and he or she is entitled to be free from employment decisions made in retaliation for engaging in speech protected by the First Amendment. However, not all speech is granted the same amount of protection.  As a public employee, for instance, you do not have a right to insist upon talking about personal matters on work time.  The Courts have determined that speech by a public employee is generally protected by the First Amendment only if it addresses a matter of public concern.  Therefore, the Plaintiff must prove that he was engaged in speech which is protected by the First Amendment because it involved matters of public concern, and not merely matters of private interest.

An employee's speech addresses a matter of public concern when it addresses a social, political, or community concern.   In this case, the Plaintiff asserts that he engaged in three instances of protected speech.   First, the Plaintiff opposed the

*LAW OFFICES*  •  **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC**  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO   62326

Defendants' decision to order that production of the play "Shadow Box" be halted, and made his opposition known, including to members of the press.  Second, while engaged in a teaching exercise in class, the Plaintiff used the word "nigger" as a means of inviting discussion about the power of words.   Third, the Plaintiff wrote on the blackboard of his classroom the words "Bastards Suck," which he identified to students in the class as a "poem" as part of an exercise about art and censorship.   Whether these statements by the Plaintiff involved matters of public concern is a question of law for me to determine, not one of fact for you to decide.   These statements involve the expression of ideas within the classroom and outside the classroom about issues such as art, culture, and censorship.   Therefore, I instruct you as a matter of law that the Plaintiff's statements are speech which involves matters of public concern.

**BOARD'S RESPONSE**

**1.      For the reasons set forth in the Board's Memorandum of Law on Plaintiff's First Amendment Claims, the Board does not believe that the plaintiff's purported speech touches upon matters of public concern.**

**2.      Even were one to assume, *arguendo*, that the court were to find the plaintiff's alleged speech to be on matters of public concern, the Board objects to the exclusion from the plaintiff's proposed instructions of cautionary language regarding the significance, or**

*LAW OFFICES* •  **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC**  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO  62326

**lack thereof, of the court making such a determination. The Board would, therefore, request language such as that which follows:**

> **It must be stressed, however, that this determination alone is not a sufficient basis for finding that the Board deprived the plaintiff of his First Amendment rights. As previously noted, this is merely a threshold determination. In other words, this determination means nothing more than that you must now deliberate on whether the plaintiff has sustained his burden of proving his case. In reaching that determination, there are additional factors that you must consider**

Therefore, you may now proceed to the next step of the analysis and determine whether the Defendants retaliated against John Stanko for these statements on matters of public concern. The retaliation that Stanko alleges in this case is the negative or derogatory comments made about him by Dr. Townsley in response to inquiries from third parties about Stanko regarding his suitability for employment. In order for the Plaintiff to prevail on his claim you must find that his First Amendment Speech was a motivating factor in the Defendants' decision to make these negative or derogatory comments. That is, you must find that the Plaintiff's speech made a substantial difference or influenced the Defendants' decision to make these negative or derogatory comments. This means that the Plaintiff does not have to prove that his speech was

9

the only reason for the Defendants' decision.  It is enough if he proves that his speech activities were a substantial consideration that made a difference in or influenced the Defendants' decision.

In making your decision, you do not have to determine whether Mr. Stanko was right in everything that he said.  The right of free speech is not limited to statements that can be proven true or to statements with which we agree.  This case is not about whether Mr. Stanko was right in what he said; this case is about his right to say it.  The question you must answer is whether the Plaintiff has proven by a preponderance of the evidence that his speech was a substantial or motivating factor in the Defendant's decision to make negative or derogatory comments about him to potential employers.2

**BOARD'S RESPONSE**

1.      The Board must again object to the fact that the plaintiff's instruction assumes that Dr. Townsley "ma[de] negative or derogatory comments about [the plaintiff] to potential employers."  Consequently, rather than allowing the jury to determine whether

---

2 Rankin v.  McPherson, 483 U.S. 378, 383-384, 107 S. Ct. 2891 (1987); Connick v, Meyers, 461 U.S. 138, 103 S. Ct. 1684 (1983);Frank v. Relin, 1 F. 3d 1317, 1328 (2nd Cir.  1993), cert denied, 510 U.S. 1012, 114 S.  Ct. 604 (1993);  Bernheim v.  Litt, 79 F. 3d 318, 324 (2nd Cir.  1996);  Bieluch v. Sullivan, 999 F.2d 666, 670 (2nd Cir.  1993), cert denied,  510 U.S. 1094, 114 S. Ct.  926 (1994); Mt. Healthy City Dist. Board of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L. Ed. 2d 471 (1977); Givhan v. Western Line Consolidated School Dist., 439 U.S. 410, 99 S.Ct. 693, 50 L. Ed. 2d 619 (1979); Jeffries v. Harleston, 21 F.3d. 1238, 1245, (2nd Cir. 1994), vacated and remanded on other grounds, 513 U.S. 996, 115 S. Ct. 502, (1994)(memorandum); decided 52 F.3d. 9 (1995).

Dr. Townsley made comments about the plaintiff to potential employers and, if he did, whether they were negative or derogatory, these proposed instructions make it appear that the court is *telling* them that this is all true.

2.    Furthermore, the plaintiff's proposed use of the phrase "*the Defendant's decision* to make negative or derogatory comments about him to potential employer" (emphasis added) appears to be directing the jury to find that Dr. Townsley consciously decided to make negative or derogatory statements.  This is relevant to the defamation claim's question of whether Dr. Townsley acted with malice, to the liberty interest claim's question of stigmatizing comments, and to the contract claim's question of bad faith.


### 3.    <u>Defamation Claim</u>

The Plaintiff's next count is a claim of defamation.  Defamation is a violation of an individual's right to a good reputation.  The value of reputation is recognized by law and the law provides damages for an injury to an individual's reputation.  When the damaging statements regarding a person's reputation are made in writing, that is called libel.  When they are made orally, that is called slander.  To prove his claim of defamation, the Plaintiff must show that the Defendants made false statements about him, that these statements harmed him and that the Defendants were not privileged to make such statements.

11

While a plaintiff must generally prove the damage he has sustained to his reputation, statements which falsely accuse an individual of dishonesty, question their integrity or involve charges of neglect or misconduct in their professional or business duties are considered libel or slander per se. The law presumes that such statements cause harm without the need for additional proof from the Plaintiff.

If you find that the statements made by the Defendants about Mr. Stanko involve charges of misconduct in the performance of the Plaintiff's professional duties, you must find injury to Mr. Stanko's reputation. If you find that a person of ordinary understanding would not find that the Defendants had been accusing the Plaintiff of misconduct in the performance of his professional duties, then you need go no further in your consideration of this legal claim. In deciding this issue, the question is what meaning would a person of common and reasonable understanding have given these statements in view of their context.

**BOARD'S RESPONSE**

The Board objects to the plaintiff's proposed defamation instructions on the following grounds:

1.      The plaintiff's instructions totally ignore the fact that the defendants can only be found liable for defamation if they

12

*LAW OFFICES* •  **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC**  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO  62326

(a)     know[] that the statement is false and that it defames the other,

(b)     act[] in reckless disregard of these matters,.

3 Restatement (Second), Torts 580B.

2.     Furthermore, the plaintiff's proposed instructions totally ignore the substantial and possibly determinative fact that the plaintiff cannot recover damages for defamation if the communication in question is an *opinion* rather than a statement of fact. It is well settled in Connecticut that, generally, a defendant cannot be held liable for expressing a mere opinion.   Daley v. Aetna Life and Casualty Co., 249 Conn. 766, 795, 734 A.2d 112, 129 (1999).   Johnson v. Chesebrough-Pond's USA Co., 918 F.Supp. 543, 551-2 (D.Conn. 1996), *affirmed*, 104 F.3d 355 (2nd Cir. 1996)(unreported decision).  For example, "negative" statements to employment recruiters made by a former employer after the employee's termination that the employee "didn't fit in" and that he "could not be recommended" are matters of opinion, not false statements, and cannot be used as the basis for an action for defamation.  Johnson v. Chesebrough-Pond's USA Co., 918 F.Supp. 543, 551-2 (D.Conn. 1996), *affirmed*, 104 F.3d 355 (2nd Cir. 1996)(unreported decision). Similarly, an assertion that someone's supervisor was a "dictator" is not defamatory because it is an opinion.  Perruccio v. Arseneault, 7 Conn.App. 389, 394, 508 A.2d 831, 834 (1986).  Also, a statement that an individual was "not a good accountant" is merely an opinion and thus does not constitute defamation.  Torok v. Proof, 1993 WL 28878, at *2

13

**(Conn. Super. 1993).  Therefore, the plaintiff's instructions should note that if the alleged defamatory statement represented a statement of opinion, as opposed to a false statement of objective fact, then the jury must find for the defendants.**

Truth is a defense to any claim of defamation.  If by a fair preponderance of the evidence, the Defendants have proven to you that the statements made by them were, at the time they made them, substantially true, you must find for the Defendants as to this claim.  However, it is not enough that the Defendants, in making the statements, believed them to be true, or even that they had reasonable grounds for such a belief. The issue for you to decide is whether the Defendants have proven to you that their statements were, in all respects, substantially true.[3]

*[The Plaintiff anticipates that the Defendants will seek an instruction on "actual malice" on the theory that the Plaintiff was a school teacher, and therefore a public figure or public official for defamation purposes.  See, Kelley v. Bonney, 221 Conn. 549, 579-80 (1992); New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964).  The Plaintiff asserts that such an instruction is not needed because he was not a public figure at the time of the Defendants' defamatory statements, and because the context of the statements – relating to personnel matters rather than to public discussion – is inconsistent with the objectives of the Connecticut Supreme Court in Kelley v. Bonney, suppra, in designating school teachers as public officials for purposes of claims of defamation.  Therefore no "actual malice" instruction is needed.  Should the Court*

---

[3] Goodrich v. Waterbury Republican American, 188 Conn. 107, 498 A.2d 1317 (1982); Wright & Ankerman, Connecticut Jury Instructions (1993) §467 at 732.

14

*disagree, however, the Plaintiff provides the following as a proposed instruction on this issue:*

> *Under Connecticut law, because the Plaintiff was a schoolteacher, he is considered a "public figure" for purposes of the law of defamation.  This means that in order to find that the Defendants defamed the Plaintiff, you must be satisfied that the Plaintiff has shown by a preponderance of the evidence that the Defendants acted with actual malice when they spoke about him.  Actual malice is a legal term and in this context simply means knowledge that a statement was false or a reckless disregard for whether the statement was false.  Therefore, I instruct you that in order for you to find that the Defendants defamed the Plaintiff, you must be satisfied that Joseph Townsley either knew that the statements that he was making about John Stanko were false, or he was reckless with regard to whether the statements were false.[4]*

## BOARD'S RESPONSE

The Board objects to the plaintiff's proposed defamation instructions on the following grounds:

**1.**    It cannot reasonably be disputed that the plaintiff was a public figure as a matter of law.  As the plaintiff notes, "a public school teacher is a public official for defamation purposes."  **Kelley v. Bonney, 221 Conn. 549, 581, 606 A.2d 693 (1992).  The**

---

[4] Kelley v. Bonney, 221 Conn. 549, 581 (1992); New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964); Holbrook v. Casazza, 204 Conn. 336, 342 (1987), cert. denied, 484 U.S. 1006 (1988).

*LAW OFFICES*  •  **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC**  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO  62326

comments in question were made regarding the plaintiff's employment as a public school teacher. Additionally, there were newspaper articles and editorials regarding the plaintiff, which underscored his role as a public figure. Consequently, the plaintiff's instructions should unequivocally note that the plaintiff is not entitled to recover damages for defamation unless he proves that the defamatory statement was made with actual malice. New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 726 (1964); Holbrook v. Casazza, 204 Conn. 336, 342, 528 A.2d 774 (1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 699 (1988).

2.    The plaintiff's proposed explanation of "actual malice," would lead jurors to believe that the mere fact a comment was allegedly false was sufficient to constitute malice. Actual malice requires that the statement be made with actual knowledge that it was false or with reckless disregard of whether it was false. New York Times Co. v. Sullivan, *supra*, 376 U.S. at 279-80, 84 S.Ct. at 725-26; Woodcock v. Journal Publishing Co., 230 Conn. 525, 535, 646 A.2d 92 (1994), *cert. denied*, 513 U.S. 1149, 115 S.Ct. 1098 (1995). The case law is clear that it is not enough that the speaker negligently misstatement a fact. Instead, the plaintiff must prove by a preponderance of the evidence that the defendants purposely avoided the truth. Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 692, 109 S.Ct. 2678, 2698 (1989). This explanation is not in the plaintiff's proposed instructions.

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

3.     The plaintiff's proposed instructions do not include the fact that the plaintiff is also required to show malice on the part of the defendants because of the privileged nature of the communications at issue.  In other words, the plaintiff must not only prove that the defendant made false statements of fact that harmed the plaintiff, he must also establish that the defendants were not *privileged* to do so.  <u>Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.</u>, 234 Conn. 1, 27, 662 A.2d 89 (1995).  An example of privilege is when there are communications between managers regarding an employee's job performance.  234 Conn. at 29.[5]  Although a qualified privilege insulates many defamatory statements and shields many defendants from liability, the privilege does not protect a defendant who makes statements that are both defamatory and malicious. *See, e.g.,* <u>Id.</u>; <u>Bleich v. Ortiz</u>, 196 Conn. 498, 504, 493 A.2d 236 (1985); 3 Restatement (Second), Torts § 600 (1977). <u>See also</u> <u>Woodcock v. Journal Publishing Co.</u>, 230 Conn. 525, 527, 646 A.2d 92 (1994) (in suit by public figure against media defendant, finding of actual malice permissible when there is sufficient evidence to permit inference that defendant in fact entertained serious doubts as to the truth of his publication).  Therefore, the plaintiff's

---

[5]"There are two facets to the defense of privilege.  The occasion must be one of privilege, and the privilege must not be abused.  Whether the occasion is one of privilege is a question of law." <u>Torosyan</u>, 234 Conn. at 28.  Although privilege is a legal question, the defendants nonetheless set it forth herein for the sake of completeness.  If it is determined by the court that a privilege does not exist, then this portion of the proposed Request to Charge is inapplicable.

*LAW OFFICES* • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

**instructions should more specifically explain that if the jurors find that the defendants'**
**statements were made without malice, then they must find for the defendants.**

### 4.    §1983 – Liberty Interest Claim

The Fifth Amendment to the United States Constitution provides that a person may not be deprived of his or her life, liberty, or property by the government without due process.  Section 1983 is the law that enforces a person's right not to be deprived of life, liberty or property without due process.  We say that a person is deprived of a liberty interest where his good name, reputation, honor, or integrity is at stake because of what the government is doing to him.

In the case at hand, the Plaintiff, John Stanko, claims that the Defendants, the Simsbury Board of Education and Dr. Joseph Townsley, deprived him of a liberty interest in his good name when Dr. Townsley responded to inquiries about Stanko from people who were checking Stanko's references for employment purposes.

For John Stanko to prevail on his claim that he was deprived of a constitutionally-protected liberty interest in violation of Section 1983, he must demonstrate 1) that he possessed such an interest; 2) that the Defendants made statements that had the effect of depriving him of that interest; 3) that the deprivation occurred without due process of

18

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326