law; 4) that the statements constituted state action; and 5) that the statements were false.

In considering this claim, the first element to be considered is whether the Plaintiff possessed a liberty interest in his good name.  In the matter at hand, there is evidence that John Stanko taught English in the Simsbury public school system for twenty-nine years and that he was regarded as a competent teaching professional.  Therefore, I instruct you as a matter of law that this element of the Plaintiff's claim – the question of whether he possessed a liberty interest in his good name – has been satisfied.

The next element to consider is whether the statements made by the Defendants were of the sort that would deprive the Plaintiff of his liberty interest in his good name.  Not every government allegation of professional incompetence implicates a liberty interest in every instance.  However, allegations of professional incompetence are actionable when they impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession.

Thus, the question is whether the statements made by Dr. Joseph Townsley on behalf of the Simsbury Board of Education regarding John Stanko were of the sort that not only alleged professional incompetence, but also that the statements were of the

19

sort that would place a significant roadblock in the way of John Stanko's ability to obtain other employment as a teacher.  There is evidence that the statements made by Dr. Townsley included allegations that John Stanko called a student a nigger, that he had also engaged in other, undisclosed behaviors, and that these behaviors had caused Stanko to take the unusual step of resigning mid-year.  I instruct you as a matter of law that these allegations are of the type that would significantly interfere with a person's ability to work in the profession of public school teacher.

The third element of the liberty interest claim is the question whether the Defendants made the statements regarding the Plaintiff without according him some opportunity to rebut those statements.  This is an element of a liberty interest claim because the Constitution requires that an individual be provided with due process before taking an action to interfere with his life, liberty or property.  Due process can take many forms, and an individual is not necessarily entitled to a full or formal hearing before the government can speak or act.  In this case, however, the statements that the Plaintiff alleges were made by the Defendants were made after he had resigned his position and in a manner that provided him with no opportunity to respond to or rebut the statements.  Therefore as a matter of law I instruct you that the Plaintiff did not receive due process.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

Because the inquiries were made to Dr. Townsley in his capacity as Superintendent of Schools for the Simsbury Board of Education, I further instruct you that as a matter of law Dr. Townsley's responses to those inquiries constituted state action – that is to say, that it was, in effect, the government that was making these statements.

Now, I have already instructed you about the elements of a claim for defamation and your duty to find, based on all of the evidence, whether the allegations made by Dr. Townsley against John Stanko were false. You will need to make the same finding here, in deciding John Stanko's liberty interest claim.6

**BOARD'S RESPONSE**

**1.     The Board objects to this proposed test of what constitutes a liberty interest claim. The Board believes that the first factor to be considered is whether the plaintiff was defamed, using the same test set forth in the defendants' proposed jury instructions. It is insufficient for the jury merely to find "that the statements were false" as the plaintiff proposes in his instructions. Furthermore, if the jury has already determined that the Board did not defame the plaintiff, then it saves the jurors from having to take the time to**

---

6 Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971); Valmonte v. Bane, 18 F.3d 992, 998 (2nd Cir. 1994); Donato v. Plainview Old Bethpage Cent. Sch. Dist., 96 F.3d 623, 630 (1996); Huntley v. Community Sch. Bd., 543 F.2d 979, 985 (2d Cir. 1976), cert. denied, 430 U.S. 929 (1977).

21

consider the other liberty interest factors, which would have already been rendered moot by a determination on the defamation prong.

2.   The Board further objects to the fact that the plaintiff's instructions totally ignore the well-established legal requirement that the purportedly stigmatizing statement be made in conjunction with the termination of employment.  See Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 1161 (1976)("stigma" to reputation alone is neither liberty nor property sufficient to invoke Due Process Clause -- in order to state liberty interest claim, defamation must occur in course of termination of employment); Easton v. Sundram, 947 F.2d 1011, 1016 (2nd Cir. 1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943 (1992)("stigma plus" must be established before mere defamation will rise to the level of a constitutional deprivation); Neu v. Corcoran, 869 F.2d 662, 667 (2nd Cir.), *cert. denied*, 493 U.S. 816, 110 S.Ct. 66 (1989)("Defamation . . . is not a deprivation of a liberty interest unless it occurs in the course of dismissal or refusal to rehire the individual as a government employee or during termination or alteration of some other legal right or status. . . . The 'plus' is not only significant damage to a person's employment opportunities but dismissal from a government job or deprivation of some other legal right or status).  In this case, the plaintiff was not terminated; he resigned.  Additionally, the statements in question occurred *two years* after he resigned.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO 62326

3.      The plaintiff must establish that he had a reputation that could be stigmatized. Given the newspaper articles and the notoriety that attached itself to the events that lead to his resignation, it is not a given that he had a good reputation.

4.      The plaintiff asserts that he was entitled to due process, but as he was no longer an employee of the school district when Dr. Townsley allegedly made the statements in questions two years later, how would due process be provided. In any event, he gave Dr. Townsley a waiver to speak with the reference agencies.

5.      **Tortious Interference With a Business Relationship**

The Plaintiff also seeks to recover damages from the Defendants under the cause of action called tortious interference with a prospective business relationship. In order to succeed in this action, the Plaintiff must prove four elements: (1) the existence of a prospective business relationship between himself and one or more employers; (2) that the Defendants had knowledge of that prospective relationship; (3) that the Defendants had an intent to interfere with that prospective relationship; and (4) that the Plaintiff suffered losses as a result of the Defendant's interference with the prospective relationship.[7]

---

[7] Blake v. Levy, 191 Conn. 257, 261-262, 464 A.2d 52 (1983); 4 Restatement (Second) of Torts § 766, comment s, §§ 767-768 (1979); Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,

23

In order to recover for damages for this cause of action, the Plaintiff must prove that the Defendants intentionally and improperly interfered with his prospective employment relationships. That is, the Plaintiff must show that Dr. Townsley, in communicating with John Stanko's prospective employers on behalf of the Simsbury Board of Education, acted with an improper personal motive. Whether the Defendants acted with an improper motive or not is a question of fact, which you must determine based on all of the surrounding circumstances.[8]

If you determine that the Defendants acted with improper motive and that the Plaintiff has shown that he suffered actual economic losses as a result of that interference, you must find for the Plaintiff. If, however, you do not find that Dr. Townsley acted with improper motive or that the Plaintiff cannot show he suffered any

---

536, 546 A.2d 216 (1988); Herman v. Endriss, 187 Conn. 374, 376-77, 446 A.2d 9 (1982); Hart, Nininger & Campbell Associates, Inc. v. Rogers, 16 Conn.App. 619, 629, 548 A.2d 756 (1988); Meaney v. Conn. Hosp. Assoc., 1996 WL 368205 (Conn.Super.), *6; Espinosa v. Conn. College, 1994 WL 320222 (Conn.Super.), *5-6; Murray v. Bridgeport, 40 Conn.Supp. 56, 60-61, 480 A.2d 610, 613 (1984); Bennet v. Beiersdorf, Inc., 889 F.Supp. 46, 51-52 (1995).

[8] Bennett v. Beiersdorf, Inc., 889 F.2d 46, 52 (D.Conn. 1995); Malik v. Carrier, Memorandum of Decision on Defendants' Renewed Motion for Summary Judgment, May 23, 1997, Slip. Op. at 14; Espinosa, 1994 WL 320222, *5-6.

24

economic losses even if Dr. Townsley did act from improper motives, then you must find for the Defendant.[9]

**BOARD'S RESPONSE**

    1.    The plaintiff's proposed instructions do not include the fact that not every act or inducement that disturbs a contract or business expectancy provides a ground for a lawsuit. <u>Jones v. O'Connell, 189 Conn. 648, 660-61, 458 A.2d 355 (1983)</u>; <u>Blake v. Levy, 191 Conn. at 260-61.</u> Instead, to prevail on his claim, the plaintiff is required to prove by a preponderance of the evidence the following elements: (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct." <u>Collum v. Chapin, 40 Conn. App. 449, 452, 671 A.2d 1329 (1996).</u> The plaintiff must establish each of these elements. <u>Id.</u>

    2.    The plaintiff's proposed instructions also do not specify that he is required to establish is that the defendants were guilty of fraud, misrepresentation, intimidation or molestation or that the defendant acted maliciously. <u>Blake *v.* Levy, *supra*, 261</u> (quoting

---

[9] Hi-Ho Tower, Inc. v. Com-Tronics Inc. 255 Conn. 20, 29-31 (2000); Herman v. Endriss, 187 Conn. at 377; Hart, Nininger & Campbell Assoc., Inc., 16 Conn.App. at 629; Holt v. Home Depot, USA, Inc., Docket No. 3:00CV1578 (D.Conn., Chatigny, J., 2003).

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

Kecko Piping Co. v. Monroe, 172 Conn. 197, 201-202, 374 A.2d 179 (1977). In other words, the plaintiff must prove some improper motive or improper means on the part of the defendants. Blake v. Levy, *supra*, 262; Kakadelis v. DeFabritis, 191 Conn. 276, 279-80, 464 A.2d 57 (1983); see also Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 753, 755, 474 A.2d 780 (1984)(liability in tort imposed only if defendant acted maliciously).

  3. The plaintiff's instructions do not fully explain that the plaintiff must prove that the defendants intentionally interfered *"without justification"* in the plaintiff's business relations. 4 Restatement (Second), Torts § 766, comment (s) (1979)(emphasis added.) Under this requirement, the plaintiff bears the burden of proving that the defendants lacked justification for the alleged actions that the plaintiff claims interfered with his business relations. Id.

  4. The plaintiff's proposed instructions also do not fully articulate the fact that it is also "an essential element of the tort of unlawful interference with business relations that the plaintiff suffers actual loss." Taylor v. Sugar Hollow Park, Inc., 1 Conn. App. 38, 39, 467 A.2d 935 (1983). Therefore, even were the plaintiff to prove that the defendants acted maliciously, "[t]he tort is not complete unless there has been actual damage suffered" as the direct result of the defendants' alleged actions. Goldman v. Feinberg, 130 Conn. 671, 675, 37 A.2d 355 (1944). In this case, the plaintiff would be required to prove that the defendants engaged in unjustifiable conduct, and that that conduct prevented the plaintiff

26

**from obtaining a particular business opportunity. Thus, it is not sufficient for the plaintiff to make the jury speculate as to whether the defendants might have acted without justification and whether such conduct interfered with the plaintiff's ability to obtain employment or some other business opportunity. "[C]ausation must be removed from the realm of speculation and conjecture." <u>Bar Painting , Inc. v. Greenhorne & O'Mara, Inc.</u>, 61 Conn. App. 317, 326, 763 A.2d 1078, *cert. denied*, 255 Conn. 951, 770 A.2d 31 (2001)(internal citations omitted). The proposed instructions do not explain that the plaintiff is required to definitively prove a direct link between alleged actions of the defendants' and an actual loss. <u>Id.</u>**

### 6. Breach of Contract Claim and Counterclaim

It is undisputed that the Plaintiff, John Stanko, and the Defendant, Simsbury Board of Education, entered into a contract at the time of Mr. Stanko's resignation from his teaching position at Simsbury High School, and that the contract is in writing in the form in which it has been entered into evidence in this case.

Mr. Stanko claims that Dr. Townsley, acting on behalf of the Simsbury Board of Education, violated this contract by making certain statements about Mr. Stanko to parties who called to check on Mr. Stanko's employment references. The Simsbury Board of Education, for its part, has brought a counterclaim against Mr. Stanko claiming

27

that he has violated the parties' contract by bringing this lawsuit. It is for you to determine whether one or the other of these parties has breached its contractual obligations to the other.

A contract is an agreement between two or more parties to do or not to do something. A contract may be stated in words either oral or written. It is sometimes said that a contract is formed when the parties reach a "meeting of the minds." However, an actual meeting of the minds is not required to form a contract. Many contract disputes arise because people attach different meanings to the same words or conduct. In such cases, the law relies on an objective test to determine the parties' intentions, rather than a subjective one.

Applying this objective test, a contract is formed when the words and conduct of the parties, objectively viewed, indicate that they have agreed to the terms of the alleged contract. Under this test, if a party engages in conduct that makes it appear to a reasonable person that he intends to undertake contractual obligations to the other party, when in fact he does not intend to be contractually bound, his apparent intent may be sufficient to create a contract.

Here, the terms of the written contract between the parties include an apparent agreement that any inquires from Mr. Stanko's potential employers would be referred to Dr. Townsley, in his capacity of Superintendent of Schools for the Simsbury Board of

28

Education, and that Mr. Stanko would waive, or give up, any claims that he might have "arising out of the Superintendent's good faith responses" to any inquiries regarding Mr. Stanko's employment. The written contract also includes, by incorporation, a letter of reference for Mr. Stanko, which Dr. Townsley has signed.

In common usage, the term "good faith" has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation. It has also been defined as meaning an honest intention to abstain from taking unfair advantage of another through the use of technicalities in the law. In considering whether an individual is acting in good faith, you should take into account the individual's state of mind, actual knowledge, and motives.[10]

Using these definitions, and considering all of the evidence available to you, you must decide as a matter of fact whether Dr. Townsley's statements were made in good faith. If you find that Dr. Townsley was speaking in good faith, then you must find for the Defendants; if you find that Dr. Townsley was not speaking in good faith, then you must find for the Plaintiff on this breach of contract claim.[11]

---

[10] <u>Kendzierski v. Goodson</u>  21 Conn.App. 424, 429-430 (Conn.App.,1990).
[11] <u>Holt v. Home Depot, USA, Inc.</u>, Docket No. 3:00CV1578 (D.Conn., Chatigny, J., 2003)

29

### 7. <u>Damages</u>

If the Plaintiff persuades you that he is entitled to recover against the Defendants, you will have to address one or more questions on the verdict form relating to damages. You should bear in mind that the Plaintiff has the burden of proving by a preponderance of the evidence both that he was damaged and the extent of his damages. The amount of any damages you award must be reasonably calculated to fairly compensate him for any losses or injuries he has suffered as a result of the Defendants' wrongdoing.

You should also bear in mind that the Plaintiff is not entitled to an award of damages unless he first proves by a preponderance of the evidence that the Defendants have violated his rights as he claims. Just because I am instructing you on the subject of damages does not mean that I think you should reach the issue of damages in your deliberations, or that you should award damages, or that I have any opinion one way or the other as to whether you should or should not award damages.

You must not construe the Defendants' presentation of evidence and argument relating to damages as an acknowledgment or admission that they are liable to the Plaintiff or that he is entitled to and award of damages. The Defendants are obliged to address the subject of damages during the trial or lose an opportunity to do so. You should consider the issue of damages and the evidence presented on that issue only if

30

you first determine that the Plaintiff's rights have been violated by the Defendants as alleged in his complaint.

Please note that a person cannot recover more than once for that same injury, even if he prevails on more than one claim. Accordingly, if you award damages to the Plaintiff on more than one claim, you must be sure that the total amount you award him does not compensate him more than once for the same injury.

### 8. Lost Wages and Benefits

Plaintiff contends that he is entitled to an award of damages to compensate him for the wages and benefits he has lost as a result of the Defendants' statements to his potential employers. If you find that the Plaintiff has proved that he is entitled to recover damages against the Defendants, you may make an award that reflects the value of the wages you find that he would have earned but for the Defendants' statements. You are permitted to determine the amount of such wages by making a fair estimate or approximation, as long as the evidence provides a reasonable basis for such an estimate or approximation.

### BOARD'S RESPONSE

**It is not sufficient for the plaintiff to leave you to speculate or make conjecture as to whether the defendants might have acted without justification and whether such conduct interfered with the plaintiff's ability to obtain employment or some other business**

31

opportunity.  "[C]ausation must be removed from the realm of speculation and conjecture."  <u>Bar Painting , Inc. v. Greenhorne & O'Mara, Inc.</u>, 61 Conn. App. 317, 326, 763 A.2d 1078, *cert. denied*, 255 Conn. 951, 770 A.2d 31 (2001)(internal citations omitted).

### 9. Emotional Distress

The Plaintiff contends that, in addition to compensation for lost wages, he is entitled to an award of damages against the Defendants for emotional distress he has suffered as a result of the Defendants' statements about him to potential employers.  On all of the claims on which I have instructed you, with the exception of the breach of contract claim, If you find that the Plaintiff has proven his claim, you may award him damages for any emotional distress he has suffered as a result of the Defendants' statements.  This is because such damages are recoverable for conduct that constitutes a tort but not for conduct that constitutes a breach of contract.

A person injured by another's wrongful or tortious conduct is entitled to be fairly compensated for mental and emotional pain and suffering proximately caused by the wrongful conduct.  And injury is proximately caused by unlawful conduct if the conduct plays a substantial part in bringing about or actually causing the injury, and the injury is either a foreseeable result or a reasonably probable consequence of the unlawful conduct.  As far as money can compensate someone for injuries of this sort and their

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

consequences, the compensation you award must be fair, just, and reasonable. In determining the amount to award, you are to be guided by your own good judgment. You should consider the nature, extent and duration of any pain and suffering you find to have been caused by Joseph Townsley's statements about John Stanko, as well as any impact any such pain and suffering had on the Plaintiff's health and enjoyment of life. Any damages you award must be fair and adequate to compensate the Plaintiff for any harm done to him as a result of the allegedly wrongful conduct, no more and no less.

**BOARD'S RESPONSE**

**1.   The plaintiff's proposed instruction assumes that the Board made statements to potential employers, an issue which is certainly a disputed question of fact.**

**2.   The plaintiff's proposed instruction assumes that the plaintiff incurred emotional distress and that the defendants engaged in "wrongful conduct." It essentially tells the jury that it is obligated to return emotional distress damages for the plaintiff even if he fails to establish that he has any.**

**10.   Mitigation of Damages**

A person injured by wrongful conduct of another is not entitled to recover damages for harm he can avoid by reasonable effort after the wrongful conduct occurs. The law refers to this as the duty to mitigate or avoid damages. If a person fails to

make reasonable effort to mitigate damages, the damages he is entitled to recover are reduced accordingly so that not damages are awarded for harm he could have avoided through reasonable effort.

Under this rule, the Plaintiff had a duty to use reasonable effort to seek employment. The Defendants allege that he did not use reasonable effort to get another job and that he could have gotten another job during the time when he unreasonably failed to look for work.

The Defendants have the burden of proving, by a preponderance of the evidence, that the Plaintiff failed to mitigate his damages after his resignation from Simsbury High School. To discharge this burden the Defendants must prove, by a preponderance of the evidence, that the Plaintiff could have obtained a like job through reasonable effort, and that he unreasonably failed to do so. If the Defendants prove these things, any damages you award to the Plaintiff for lost wages must be reduced by the amount that the evidence shows he would have earned had he made such an effort.

### 11. Punitive Damages

If you find for the Plaintiff, you must consider whether, in addition to compensatory damages, the Defendants should also be required to pay punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a

34

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

defendant for extreme or outrageous conduct and to deter a defendant and others from committing such conduct.

You may decide to hold the Defendants liable for punitive damages if you find that they acted maliciously or wantonly in violating the Plaintiff's rights. An act is maliciously done if it is prompted by ill will or spite toward the injured person or by some improper motive. An act is wanton if it is done in reckless or callous disregard of, or indifference to, the rights of the injured person.

Whether the Defendants should be required to pay punitive damages is an issue that is entrusted to your discretion; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to hold the Defendants liable for punitive damages, or you may decide that they should not be liable for punitive damages. It is up to you the jury. In exercising this discretion you are required to use sound judgment and consider the evidence with care. You must act reasonably in light of all the evidence, and without bias or prejudice.12

*[The defendants object to the plaintiff's instruction with respect to punitive damages. It is well established that the plaintiff cannot maintain a claim for punitive damages against the defendants. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981).]*

---

12 Holt v. Home Depot, USA, Inc., Docket No. 3:00CV1578 (D.Conn., Chatigny, J., 2003).

35

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO 62326

**BOARD'S RESPONSE**

1. It is well established that the plaintiff cannot maintain a claim for punitive damages against the defendants for constitutional violations. See <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 101 S. Ct. 2748 (1981).

2. As to state-law claims, the plaintiff's proposed instructions are silent as to the fact that punitive damages are measured by legal fees and costs.

THE DEFENDANTS,
SIMSBURY BOARD OF EDUCATION AND
DR. JOSEPH TOWNSLEY

By _____
Michael P. McKeon
Federal Bar No. ct02290
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, Connecticut  06105-4286
Telephone:  (860) 233-2141
Facsimile:  (860) 233-0516
E-mail:  mmckeon@sscc-law.com

### CERTIFICATION

This is to certify that a copy of the foregoing Defendant's Response to Plaintiff's Proposed Jury Instructions will be hand served on the 1st day of June 2004 to Peter D. Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, Connecticut 06105-2922

_____
Michael P. McKeon

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326